**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DANIEL KEITH MATHEWS,      )
            )
      Plaintiff,      )      Civil Action No. 14-00024
            )
      v.      )      Judge Nora Barry Fischer[1]
            )      Magistrate Judge Susan Baxter
FEDERAL BUREAU OF PRISONS,      )
CENTRAL MEDICAL REVIEW      )
DIRECTOR, FPC MCKEAN HEALTH      )
SERVICES ADMIN., MR. VAN HORN      )
(HSA), MS. BLEEM (HSA), DR. WALT,      )
FCI MCKEAN WARDEN BOBBY L.      )
MEEKS, MRS. DEANNA TRONETTI,      )
Unit Manager, MRS. BUNTZ, FCI Elkton      )
MRS. JANE BARNES, AHSA FCI Elkton,      )
DR. MD R. LEPIANE, FCI Elkton, and PA      )
ANDREW SCHUMACHER, FCI Elkton      )
            )
      Defendants.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the Court grant Defendants' Motion to Dismiss or, in

the alternative, Motion for Summary Judgment (ECF No. 15).

## II.    REPORT

### A.  *Relevant Procedural and Factual History*

On January 27, 2014, Plaintiff filed this *pro se* civil rights action pursuant to *Bivens v.*

*Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29

L.Ed.2d 619 (1971). At the time of the filing of the complaint, Plaintiff was a federal inmate

---

[1] This case was reassigned to Judge Nora Barry Fischer on January 8, 2015. *See* (Text Order Entry dated January 8, 2015).

incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI McKean"). Named as Defendants are: the Federal Bureau of Prisons; the Central Medical Review Director; FPC McKean Health Services Administration; Mr. Van Horn (HSA); Ms. Bleem (HSA); Dr. Walt; FCI McKean Warden Bobby L. Meeks; Mrs. Deanna Tronetti, Unit Manager; Mrs. Buntz, FCI Elkton; Mrs. Jane Barnes, AHSA FCI Elkton; Dr. MD R. Lepiane, FCI Elkton; and PA Andrew Schumacher, FCI Elkton. (ECF No. 1; ECF No. 11).

Plaintiff complains that since he was diagnosed with Hepatitis-C Virus ("HCV") in 2011, staff members at the Federal Correctional Institution in Lisbon, Ohio ("FCI Elkton") and FCI McKean failed to provide him with appropriate and necessary medical treatment in violation of his Eighth Amendment rights. (ECF No. 1 at pp. 1-2; ECF No. 4 at pp. 1-2; ECF No. 11 at pp. 1-2). Plaintiff further alleges that staff members at FCI McKean violated his Constitutional rights by refusing to grant him 12 months at a Residential Re-Entry Center ("RRC") as allowed by 18 U.S.C. § 3624. (ECF No. 1 at p. 2; ECF No. 4 at p. 2; ECF No. 11 at pp. 1-2). Plaintiff states that had he been granted 12 months early release, he would have been able to secure health insurance and treatment for his HCV. (ECF No. 1 at p. 2; ECF No. 4 at p. 2). Plaintiff alleges that the Defendants' actions have caused irreversible liver damage, and he seeks "unspecified compensatory damages" for medical treatment after his release on May 6, 2014, and "compensation for living expenses while undergoing treatment" because the "side effects of the treatment will render [him] incapable to hold down a normal job." (ECF No. 11 at p. 2).

On July 24, 2014, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 15), arguing that Plaintiff has failed to exhaust his administrative remedies with respect to his Eighth Amendment claim, and has otherwise failed to state a cause

of action upon which relief may be granted.  Plaintiff filed a response on August 11, 2014 (ECF No. 19).  This matter is now ripe for disposition.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) *citing Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. 2008) *quoting Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence off the necessary element." *Phillips*, 515 F.3d at 234, *quoting Twombly*, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under *Twombly* and *Iqbal*:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011), *citing Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal*, 129 S.Ct. at 1947, 1950); *see also Great Western Mining & Min. Co. v. Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010).

### *2. Summary Judgment*

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. FED.R.CIV.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. FED.R.CIV.P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989) (the non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) *quoting Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light

most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also El v. SEPTA,* 479 F.3d 232, 238 (3d Cir.2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. *Anderson*, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 247-249.

### 3. Pro Se Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read 'with a measure of tolerance'"); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001)). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing FED.R.CIV.P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff has failed to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") with respect to his Eighth Amendment claim alleging a failure to provide adequate medical treatment for his HCV

### 1. The Exhaustion Requirement

The PLRA provides that: "no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.[2] The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Concepcion v. Morton*, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. *Grimsley v. Rodriquez*, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. *Nyhuis v.*

---

[2]It is not a plaintiff's burden to affirmatively plead exhaustion. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("... failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[3]Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. *Nyhuis v. Reno*, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("... [W]e agree with the clear majority of courts that § 1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

*Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. *Woodford v. Ngo*, 548 U.S. 81, 87-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." *Id.* at 83; *see also Spruill v. Gillis*, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [ ... ] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2. The Administrative Process Available to Federal Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it

---

[4]There is no "futility" exception to the administrative exhaustion requirement. *Banks v. Roberts*, 251 F. A'ppx 774, 776 (3d Cir. 2007) *citing Nyhuis*, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to [the PLRA's] mandatory exhaustion requirement.'"). *See also Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. *Id* The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3. Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants have submitted the Declaration of Kimberly Sutton, Paralegal Specialist with the Federal Bureau of Prisons' Northeast Regional Office, who declares, in pertinent part:

> 3. It is my understanding Mr. Mathews has filed a Complaint in which he alleges that BOP staff members were deliberately indifferent to his medical needs following his diagnosis for the Hepatitis C virus. Mr. Mathews also alleges staff

members violated his constitutional rights by refusing to give him twelve months at a RRC.

      4.  As a Paralegal Specialist, I am familiar with the BOP's administrative remedy process as set forth at 28 C.F.R. § 542.10, et seq.

      5.  A review of Sentry shows that Mr. Mathews has failed to exhaust his available administrative remedies for his claim that BOP staff members failed to provide adequate treatment for HCV. Plaintiff never filed a Request for Administrative Remedy at any level seeking redress for this issue. See Attachment B, Administrative Remedy Generalized Retrieval for Daniel Mathews.

(ECF No. 16-1 at ¶¶ 3-5; ECF No. 16-3 at p. 2).[5]

In response, Plaintiff has failed to present any documentary evidence or argument sufficient to overcome Ms. Sutton's Declaration, which makes clear that Plaintiff has failed to exhaust his administrative remedies with regard to his claim that staff members at FCI Elkton and/or FCI McKean were deliberately indifferent to his medical needs following his diagnosis for the Hepatitis C virus. In the face of a supported motion for summary judgment, Plaintiff must provide contrary evidence in order to save his case. *See* FED.R.CIV.P. 56(e)(3) (providing that "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment if the motion and supporting materials-including the facts considered undisputed—show that the movant is entitled to it.").

Moreover, this suit was brought while Plaintiff was an inmate at FCI-McKean and, thus, he was subject to the exhaustion provisions of the PLRA. *Cobb v. Weyandt*, 359 F. App'x 285, 287 (3d Cir. 2009) ("In determining whether the exhaustion requirement applies, courts look whether plaintiff was a prisoner at the time of filing."); *see also Schott v. Doe*, 2007 WL 539645 at *5 (W.D.Pa. 2007) ("The rule is that if at the time of the filing of the complaint, the plaintiff is a prisoner, then the PLRA exhaustion requirement is applicable."), *citing Abdul-Akbar v.*

---

[5] Plaintiff did, however, exhaust his administrative remedies with respect to his claim regarding his request to be placed for more than six months in a RRC. (ECF No. 16-1 at ¶ 6; ECF No. 16-3 at pp. 3-7).

*McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). It was incumbent upon Plaintiff to exhaust his administrative remedies with regard to the issues raised in this case by pursuing them through the available grievance process at FCI-McKean. This Plaintiff did not do.[6] Accordingly, Plaintiff has failed to exhaust his administrative remedies with regard to his medical claim against Defendants in this case, and summary judgment should be granted in favor of said Defendants.[7]

### D. RRC placement

Plaintiff further alleges that FCI McKean Warden Bobby L. Meeks and/or Mrs. Deanna Tronettti violated his Constitutional rights by refusing to grant him 12 months at a RRC as allowed by 18 U.S.C. § 3624.[8]

### 1. The Second Chance Act

Section 3624, as amended by the Second Chance Act ("SCA"), PL 110–199 (April 9, 2008), provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC. At subsection (c)(1), it provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The SCA also directed the BOP to issue new regulations regarding pre-release custody to "ensure that placement in a community correctional facility by the Bureau of Prisons is—(A) conducted in a manner consistent with section 3621(b) of this title; (B)

---

[6] The Court notes that Plaintiff has not argued that he was denied the proper grievance forms or that Defendants otherwise interfered with his attempts to file a grievance regarding the issues raised in this case.

[7] Because the Court finds that summary judgment in favor of Defendants is appropriate with respect to Plaintiff's medical claims based upon Plaintiff's failure to exhaust administrative remedies, there is no need to address the other alternative arguments raised by Defendants in their summary judgment motion.

[8] The allegations with respect to Plaintiff's RRC placement have only been advanced against Defendant Meeks and Defendant Tronetti.

determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c) (6). After the SCA was enacted, the BOP adopted regulations, codified at 28 C.F.R. § 570.22, which provide:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the timeframes set forth in this part.

28 C.F.R. § 570.22.

The foregoing discussion demonstrates that § 3624(c) provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to a RRC, provided such pre-release confinement is practicable and the BOP considers § 3621(b)'s factors on an individual basis. 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22. The statute does not mandate a particular method or procedure that the BOP must follow when making its decision, as long as the criteria set forth at § 3621(b) are considered. *See, e.g., Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 244-49 (3d Cir. 2005) (the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations).

This Court may only evaluate the BOP's decision regarding RRC placement to determine if it abused its discretion by not adhering to the requirements of the applicable law. *Vasquez v. Strada*, 684 F.3d 431, 434 (3d Cir. 2012); *Woodall*, 432 F.3d at 244-49; *Marshall v. Lansing*, 839 F.2d 933, 942-51 (district court's authority to ensure that an agency adheres to the law does not permit it to displace the agency's decisionmaking process; the role of the court is limited to ensuring that the agency follows the law and its regulations (which have the force of law)).

## 2. *Analysis*

Plaintiff has not demonstrated by any evidence that the BOP abused its discretion; therefore there is no basis for this Court to disturb the BOP's determination. Instead, Plaintiff has made bald assertions that Defendants "deliberately denied me the 10% off of my sentence of 120 months" and that the denial "was done in concert and collusion." (ECF No. 19 at p. 1). No factual premise or support was made to support these assertions. In any event, Plaintiff has no substantive right to any particular length of time in a RRC under § 3624(c). *See Woodall*, 432 F.3d at 244-51 (in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); *Levine v. Apker*, 455 F.3d 71, 80 (2d Cir.2006) (Congress' use of the language "may designate" in § 3621(b) endows the BOP with broad discretion). *See Marshall*, 839 F.2d at 949-50 (the discretionary decision made by the Parole Commission where to place an individual within the range specified by the appropriate guideline was not reviewable).

Nor can Plaintiff rely upon Constitutional concerns to challenge the length of his RRC placement since it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Powell v. Weiss*, 757 F.3d 338, 342 (3d Cir. 2014) (quoting *Montanye*, 427 U.S. at 242 for the proposition that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). *See Beckley v. Miner*, 125 F.

App'x 385, 389 (3d Cir. 2005) ("It is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").  Accordingly, summary judgment should be granted in favor of Defendant Meeks and Defendant Tronetti with respect to this claim.

To the extent Plaintiff contends that granting him less than 12 months' placement in a RCC violated his Eight Amendment rights, the Court disagrees.  In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious."  *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).  Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 34, 38 (3d Cir.1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 987 F.2d 103, 109 (3d Cir. 1990).  "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm."  *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009).

Here, Plaintiff states that Defendants Meeks and Tronetti had knowledge of his illness and "showed [an] insensitive deliberate indifference to [his] serious medical needs by denying [him] the early release pursuant to 18 U.S.C. [§] 3624(c)." (ECF No. 11 at p. 1). However, as the non-moving party and in order to defeat summary judgment, Plaintiff must present "more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia*, 381 F. App'x at 213; *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (plaintiff cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in order to defeat summary judgment). Plaintiff has failed to come forward with any evidence that Defendants Meeks and/or Tronetti were deliberately indifferent to his serious medical needs in denying him the maximum amount of time at a RCC. Summary judgment should therefore be granted on this basis as well.

### E.  Conclusion

Based upon the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 15) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2  of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

January 14, 2015

*s/ Susan Paradise Baxter*
Susan Paradise Baxter
United States Magistrate Judge


cc:    Daniel Keith Mathews
       2642 California Avenue
       Pittsburgh, PA  15212
       (*via* regular mail)

       All counsel of record
       (*via* CM/ECM)